IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

<table>
<tr><td>Cal Stuart,<br><br>   Plaintiff,<br><br>     v.<br><br>Plaza Carolina Mall, LLC,<br><br>   Defendant.</td><td>Civil No. 24-1094 (GMM)</td></tr>
</table>

## OPINION AND ORDER

Pending before the Court is Defendant Plaza Carolina Mall, LLC's ("Defendant") *Defendant Plaza Carolina Mall, L.P.'s Motion to Dismiss the Second Amended Complaint at ECF No. 43* ("*Motion to Dismiss*") (Docket No. 46) and Plaintiff Cal Stuart's ("Plaintiff") *Motion to Amend the Complaint Adding the Defendants Ralph Lauren Co* ("*Motion to Amend*") (Docket No. 48). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's *Motion to Amend* is **DENIED AS MOOT**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2024, Plaintiff filed a *Complaint* asserting claims of Negligence and Gross Negligence against Defendant. (Docket No. 1). Defendant moved to dismiss on April 26, 2024, claiming that Plaintiff's *Complaint* failed to show with sufficient particularity that this Court had subject matter jurisdiction (Docket No. 8). Thereafter, Plaintiff filed an *Amended Complaint* on May 20, 2024,

Civil No. 24-1094 (GMM)
Page – 2 –

adding an Americans with Disabilities Act ("ADA") claim and
asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)
to his negligence and gross negligence claims. (Docket No. 15). On
July 23, 2024, Defendant filed a *Motion to Dismiss*. (Docket No.
22). Defendant sought to dismiss the ADA claim in Count Three of
the *Amended Complaint*, arguing that Plaintiff lacked standing to
sue under Title III; that he improperly sought monetary damages;
and that he failed to sufficiently allege a plausible claim.
(Docket No. 22 at 9-10). Defendant claimed that Plaintiff's gross
negligence claim in Count Two failed as a matter of law because
Puerto Rico tort law does not recognize a specific cause of action
for intentional or grossly negligent acts. *See* (id. at 9).
Additionally, Defendant argued that the negligence claim included
in Count One failed to show with sufficient particularity that his
claims exceed the jurisdictional threshold for the Court to
exercise jurisdiction over this case. *See* (id. at 11). In Response,
Plaintiff submitted a sonogram of his shoulder and an MRI image
which illustrates "serious back injuries" to show significant loss
and injury. (Docket Nos. 11; 11-1 at 1-5).

On December 6, 2024, the Court issued an *Opinion and Order*
and granted in part and denied in part Defendant's *Motion to
Dismiss*. (Docket No. 35). Plaintiff's ADA claim as to damages
related to the sidewalk accident were dismissed with prejudice
because money damages are not available for private parties suing

Civil No. 24-1094 (GMM)
Page – 3 –

under Title III. *See* (id. at 18-19). Plaintiff was granted leave to amend his ADA claim for alleged violations relating to sidewalks, ramps, counters, and bathroom facilities. (Id. at 19). The Court dismissed Plaintiff's negligence and gross negligence claims without prejudice because Plaintiff had not provided any facts or substantiation to show that his case is worth more than the $75,000 jurisdictional amount in controversy requirement, as required by 28 U.S.C. § 1332. *See* (id. 15-16). The Court stated more proof was required since, although he referred to his MRI and sonogram, he provided no valuation of the damages. *See* (id. at 14-15). In addition, Plaintiff was ordered to obtain legal representation and appear through an attorney by January 10, 2025. (Id.). Plaintiff was granted until January 31, 2025, to file a Second Amended Complaint as to his ADA claim and to provide additional facts as to his negligence and gross negligence claims. (Id.).

On January 13, 2025, Plaintiff filed a *Motion for Extension of Time* due to a three-week hospitalization from a serious illness. (Docket No. 36). The Court granted Plaintiff's motion and the time to obtain legal representation was extended to February 10, 2025. (Docket No. 37). On March 17, 2025, after Plaintiff failed to appear through an attorney, the Court filed an *Order to Show Cause* on why sanctions should not be imposed for Plaintiff's failure to comply with the Order. (Docket No. 38).

Civil No. 24-1094 (GMM)
Page – 4 –

On March 19, 2025, Plaintiff filed an *Informative Motion*. (Docket No. 39). He stated that he was only recently released from the hospital and that he "had problems meeting with or speaking to counsel who would represent [him] as the court suggested." (Id.). On March 20, 2025, Plaintiff filed *Plaintiff, Cal Stuart's Response to the Court's Order to Show Cause* stating that his hospitalization prevented him from reviewing court orders or contacting potential legal representation. (Docket No. 40). He stated he will continue to represent himself and requested an extension to amend the complaint. (Id.).

On March 24, 2025, the Court granted a third extension of time in consideration of his medical situation, giving Plaintiff until April 15, 2025, to file his amended complaint. (Docket No. 41). The Court also reminded Plaintiff that although he is a *pro se* plaintiff, he is not excused from complying with procedural and substantive law. (Id.).

Plaintiff filed his *Second Amended Complaint* on April 23, 2025. (Docket No. 43). Plaintiff's *Second Amended Complaint* asserts (1) a negligence claim; (2) a gross negligence claim; and (3) an intentional infliction of emotional distress claim. (Docket No. 43). All three claims are brought under diversity jurisdiction. Plaintiff claims "[t]hat on or about March 6, 2023, plaintiff was lawfully traveling on a knee Rover Scooter due to having been operated on his left foot which was resting on the scooter while

Civil No. 24-1094 (GMM)
Page - 5 -

plaintiff propelled the scooter with his right leg. Suddenly the scooter struck a broken and disrepair gap in the sidewalk which caused the scooter to catch the wheel in the gap area: violently throwing plaintiff to the ground striking his head, back, legs, and left arm and shoulder. The plaintiff sustained serious injuries." (Id. at 2). Further, Plaintiff claims "[b]y not repairing the sidewalk defect, the defendant was negligent as specified under the laws of the commonwealth of Puerto Rico and violated the local laws of the town of Barceloneta." (Id. at 3). Plaintiff also claims that Defendant was grossly negligent and that he "was rendered sick, sore, lame and disabled as well as having psychological damages as a result of the accident cause and whole through acts of negligence and gross negligence." He asserts damages of $1,000,000 for each claim, totaling $3,000,000. (Id.).

On May 12, 2025, Defendant filed a *Motion to Dismiss*, claiming that Plaintiff's gross negligence and intentional infliction of emotional distress claims fail as a matter of law since "Puerto Rico tort law does not recognize a specific civil cause of action for intentional or grossly negligent acts." (Docket No. 46 at 5). Defendant also claims Plaintiff's *Second Amended Complaint* fails to show that his claims exceed the jurisdictional threshold for this Court to exercise jurisdiction over this case. (Id. at 6) ("Plaintiff's *Second Amended Complaint* is simply devoid of any allegations to allow this Court to ascertain whether Plaintiff's

Civil No. 24-1094 (GMM)
Page – 6 –

allegations amount to the sum necessary to grant this Court jurisdiction over this matter."). Defendant requests that Plaintiff's *Second Amended Complaint* be dismissed with prejudice. (Id.).

On May 15, 2025, the Court held in abeyance Defendant's *Motion to Dismiss*, giving Plaintiff until May 30, 2025, to file a response. (Docket No. 47).

On June 3, 2025, Plaintiff filed a *Motion to Amend* (Docket No. 48).[1] Plaintiff requests the Court's permission to amend his complaint to add Ralph Lauren Co. as a defendant since "Ralph Lauren" is "responsible for part of the sidewalk and the repairs therein." (Id. at 1). He also requests that Defendant's May 12 *Motion to Dismiss* at Docket No. 46 "should be either held in abeyance or marked as withdrawn based upon the fact that a third amended complaint will be file [sic]." (Id. at 2).

On June 13, 2025, Defendant filed Plaza *Carolina Mall, L.P.'S Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint at ECF Nos. 48-49*. (Docket No. 50). Defendant states that "[t]he Court must deny Plaintiff's motion for leave to file a third amended complaint. This Court has given Plaintiff ample opportunity to replead, yet Plaintiff has consistently failed to plausibly plead claims against [Defendant]." (Id. at 4) (citations

---

[1] Defendant's *Motion to Amend* was mailed on May 30, 2025. (Docket No. 48-1).

Civil No. 24-1094 (GMM)
Page — 7 —

omitted). They also state that "the amendments that Plaintiff purports to include in a third amended complaint do not have any effect on the claims that Plaintiff has already asserted against [Defendant]." (Id.). Defendant states that the Plaintiff failed to argue how Ralph Lauren Co. is responsible for a sidewalk on Defendant's premises, and that the proposed amended complaint would be "futile" since "Plaintiff has consistently failed to show why this Court should exercise jurisdiction over this action." (Id. at 4-5).

## II. LEGAL STANDARD

A.    Fed. R. Civ. 12(b)(1) & 12(b)(6)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). "Federal courts. . .therefore must be certain that they have explicit authority to decide a case." Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2011).

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)) (internal

Civil No. 24-1094 (GMM)
Page - 8 -

quotation marks omitted); *see also* <u>Mercado Arocho v. United States</u>, 455 F.Supp.2d 15, 17 (D.P.R. 2006)("Plaintiff shall meet the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.")(internal citations and quotations omitted). When confronted with such a motion, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." <u>Aversa v. United States</u>, 99 F.3d 1200, 1209-10 (1st Cir. 1996) (*citing* <u>Murphy</u>, 45 F.3d at 522). The Court, however, may widen its gaze and look beyond the pleadings to determine jurisdiction. *See* <u>Martínez-Rivera v. Puerto Rico</u>, 812 F.3d 69, 74 (1st Cir. 2016) (collecting cases that sustain the proposition that the Court can "rely on facts outside of the pleadings" to decide a Rule 12(b)(1) motion). In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court may look beyond the complaint and the motion to dismiss and consider extrinsic materials. *See* <u>Dynamic Image Techs., Inc. v. United States</u>, 221 F.3d 34, 37 (1st Cir. 2000).

Further, "[w]hen faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." <u>Ne. Erectors Ass'n v. Sec'y of Lab.</u>, 62 F.3d 37, 39 (1st Cir. 1995).

Civil No. 24-1094 (GMM)
Page – 9 –

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a defendant may move for the dismissal of a complaint that fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must allege sufficient facts to support a plausible claim for relief. *See* <u>Doe v. Stonehill College, Inc.</u>, 55 F.4th 302, 316 (1st Cir. 2022); *see also* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (A plaintiff has the "obligation to provide the grounds of his entitle[ment] to relief. . ." (internal quotation marks omitted)); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

"A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the Court can reasonably infer that the defendant is liable for the misconduct alleged." <u>Rodriguez-Wilson v. Banco Santander de Puerto Rico</u>, 501 F.Supp.3d 53, 56 (D.P.R. 2020) (*citing* <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [a court] to draw on [its] judicial experience and common sense." <u>Zenón v. Guzmán</u>, 924 F.3d 611, 616 (1st Cir. 2019) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, a court "accept[s] as true all well-pleaded facts in the complaint and

Civil No. 24-1094 (GMM)
Page — 10 —

draw[s] all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (*citing* Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008)); *see also* In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 594 F.Supp.3d 433, 443 (D.P.R. 2019) (*citing* Miss. Pub. Emps.' Ret. Sys. v. Bos. Sci. Corp., 523 F.3d 75, 85 (1st Cir. 2008)). However, the court does not "credit conclusory legal allegations [or] factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." Douglas v. Hirshon, 63 F.4th 49, 55 (1st Cir. 2023); *see also* Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (Plainly, a court "ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."). Ultimately, a complaint's well-pled facts must nudge a claim "across the line from conceivable to plausible." Ashcroft, 556 U.S. at 680 (*citing* Twombly, 550 U.S. at 570).

B.  *Pro Se* Litigants

"A pro se litigant, like any litigant, is guaranteed a meaningful opportunity to be heard." *See* Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982). For this reason, generally, Courts have historically been mindful of the challenges faced by *pro se* litigants and "hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable

Civil No. 24-1094 (GMM)
Page – 11 –

limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (*citing* Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)); *see also* Vieira v. De Souza, 22 F.4th 304, 311 (1st Cir. 2022) (*quoting* McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979)).

However, "self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'" Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (*quoting* Faretta v. California, 422 U.S. 806 (1975)). Moreover, "[t]here is no 'disabled plaintiff' exception to the Federal Rules of Civil Procedure." Rose v. Davis, No. CV 23-13-MRD, 2025 WL 1330558, at *2 (D.R.I. Mar. 27, 2025), *report and recommendation adopted*, No. 23-CV-13-MRD-PAS, 2025 WL 1444736 (D.R.I. May 20, 2025) (*citing* Duncan v. Sullivan Cnty., 18 Civ. 9269 (PMH)(PED), 2021 WL 6884505, at *17-18 (S.D.N.Y. Dec. 29, 2021) ("Plaintiff, like all other plaintiffs, including those who may also suffer from physical or mental disabilities, and including those whose counsel may also have serious medical histories, is required to prosecute her action and comply with court orders.") (internal quotation marks omitted).

Civil No. 24-1094 (GMM)
Page – 12 –

## III. APPLICABLE LAW AND ANALYSIS

A.  <u>Jurisdictional Threshold Amount</u>

As a threshold matter, "[t]he party invoking jurisdiction bears the burden of establishing the jurisdictional requirements." <u>Ins. Brokers West, Inc. v. Liquid Outcome, LLC</u>, 241 F.Supp.3d 339, 342 (D.R.I. 2017) (*citing* <u>Wal-Mart P.R., Inc. v. Zaragoza-Gomez</u>, 834 F.3d 110, 116 (1st Cir. 2016)). Jurisdiction based on diversity of citizenship between the parties requires the amount in controversy to "exceed the sum or value of $75,000, exclusive of interest and costs. . ." 28 U.S.C. § 1332. "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." <u>Merlonghi v. U.S.</u>, 620 F.3d 50, 54 (1st Cir. 2010) (*citing* <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001)).

The Court respects the right of every litigant in our adversarial system, including *pro se* litigants, to be the master of their own cause. <u>Wedeen v. Green River Power Sports</u>, 14 F.App'x. 6, 7 (1st Cir. 2001). Even so, "we cannot relieve a party from his own intransigence or 'insulate' him from the rudimentary requirements of substantiating jurisdiction." <u>Id.</u> (*citing* <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997)). Put plainly, *pro se* status does not relieve a party from the need to comply with court orders or the need to present sufficient facts. <u>Kerr v. City</u>

Civil No. 24-1094 (GMM)
Page – 13 –

of Attleboro, 757 F.Supp.3d 145, 147 (D. Mass. 2012); *see also* Evicci v. Baker, 190 F.Supp. 2d 233, 237 (D. Mass. 2002) ("leniency applies to the formalities, not the facts, of a cause of action.").

In the *Second Amended Complaint*, Plaintiff again claims that he suffered damages totaling three million dollars because of Defendant's alleged negligence, gross negligence, and intentional infliction of emotional distress. (Docket No. 43). At the outset, Plaintiff's demand for damages is not conclusive proof that "more than $75,000 [is] at stake." Andersen v. Vagaro, Inc., 57 F.4th 11, 15 (1st Cir. 2023) (*citing* Dep't of Recreation & Sports of P.R. v. World Boxing Assn, 942 F.2d 84, 88 (1st Cir. 1991)). Ordinarily, the amount of damages asserted by the party invoking diversity jurisdiction "controls if the claim is apparently made in good faith." Andersen v. Vagaro, Inc., 57 F.4th at 15 (*citing* Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004)). Good faith is demonstrated when a party shows "that to anyone familiar with the applicable law this claim could objectively have been viewed as worth more than the jurisdictional minimum." Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 43 (1st Cir. 2012) (internal quotation marks omitted). "While normally 'a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum is sufficient to support jurisdiction,' when challenged, the plaintiff 'has the burden of **alleging with sufficient particularity facts** indicating that it is not a legal certainty

Civil No. 24-1094 (GMM)
Page — 14 —

that the claim involves less than the jurisdictional amount.'" Andersen, 57 F.4th at 15 (emphasis added)(*quoting* Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)); *see* St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, (1938)("It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction. . .and, if appropriately challenged,. . . to support the allegation."); *see also* Lath v. Camp, No. 17-CV-75-JL, 2018 WL 5017920 (D.N.H. Oct. 16, 2018) (applying the same legal standard to *pro se* plaintiff).

The First Circuit has made clear that merely reiterating general descriptions of damages is insufficient to claim they exceed the jurisdictional minimum, particularly when a plaintiff is put on notice of the complaint's deficiencies by a Rule 12(b)(1) motion to dismiss. *See* Andersen v. Vagaro, Inc., 57 F.4th at 15; Abdel-Aleem, 665 F.3d at 42-43. Regarding Plaintiff's intentional infliction of emotional distress claim, "[t]he Supreme Court of Puerto Rico has consistently held that in this jurisdiction moral damages, sufferings, and anguishes can be compensated only if plaintiffs **show** that their emotional condition has been affected substantially." Reyes v. E. Airlines, Inc., 528 F. Supp. 765, 767 (D.P.R. 1981) (emphasis added) (*citing* Duchesne LandrEon v. Ruiz Arroyo, 102 D.P.R. 699, 702 (1974)).

Civil No. 24-1094 (GMM)
Page – 15 –

In this case, Defendant once again contested the sufficiency of Plaintiff's pleading as to the jurisdictional amount, and the burden shifted back to Plaintiff to present "with 'sufficient particularity' facts that in some way support the contention that there is more than $75,000 at stake." Abdel-Aleem, 665 F.3d at 42. Plaintiff decided to offer no showing in response to Defendant's challenge. He did not submit additional documentation, such as affidavits, medical reports, or interrogatories to fend off the jurisdictional challenge. *See* Abdel-Aleem, 665 F.3d at 42–43. Instead, Plaintiff requested to amend his complaint a third time to add another defendant.

At this stage, Plaintiff has been put on notice **four times** as to his complaint's jurisdictional deficiencies: first, by the Rule 12(b)(1) motion to dismiss filed on April 26, 2024 (Docket No. 8); second, by the Rule 12(b)(1) motion to dismiss filed on September 23, 2024 (Docket No. 22); third, by this Court's *Opinion and Order* filed on December 6, 2024 (Docket No. 35); and most recently, by Defendant's third Rule 12(b)(1) motion to dismiss filed on April 12, 2025. (Docket No. 46).

In the December 6, 2024, *Opinion and Order*, Plaintiff was made aware that his negligence and gross negligence claims included insufficient facts to assert diversity jurisdiction when the claims were dismissed without prejudice: "The Court needs more [proof]. As the Supreme Court has explained, '[i]f [plaintiff's]

Civil No. 24-1094 (GMM)
Page – 16 –

allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed.'" (Docket No. 35 at 15) (emphasis in original) (citations omitted). The Court explicitly said that Plaintiff "may amend the complaint or submit additional documentation, such as affidavits, medical reports, or interrogatories to fend off a jurisdictional challenge." (Id. at 12). As to Plaintiff's ADA claim, the Court gave him the opportunity to amend and present the claim again. (Id.).

Plaintiff did not consider any of the Court's directives. Instead, he opted to proliferate his deficient claims instead of curing them. While he took more than four months to submit his *Second Amended Complaint*, he merely amended his claims to include the same negligence claims with an additional tort claim[2] and did not include an amended ADA claim, as instructed by the Court's previous *Opinion and Order*. Again, Plaintiff demanded a highly specific figure —three million dollars— but he had to provide more than a "round number". This alone does not satisfy the amount-in-

---

[2] Intentional infliction of emotional distress claim falls under Section 1802. Pagán-Colón v. Walgreens of San Patricio, Inc., 90 P.R. Offic. Trans. 21 (P.R. 2014) ("Section 1802 of the Civil Code, 31 LPRA § 5141, constitutes the source of law on the basis of which a party may claim emotional distress damages resulting from any noncontractual cause of action."). Section 1802 of the Puerto Rico Civil Code imposes tort liability. *See* Benito-Hernando v. Gavilanes, 849 F.Supp. 136, 140 (D.P.R. 1994).

Civil No. 24-1094 (GMM)
Page – 17 –

controversy requirement. Even after being warned to provide substantiation for the amount claimed, Plaintiff relied entirely on the same unsupported conclusory statements. *See* Andersen, 57 F.4th at 16.

Additionally, Plaintiff was ordered to obtain legal representation and appear through an attorney by January 10, 2025. (Docket No. 35). The order to obtain legal representation was given on December 6, 2024, but, almost seven months later, Plaintiff has still failed to adhere to the order.

Notably, Plaintiff cited a serious medical issue as to the reason he was unable to timely file his *Second Amended Complaint* and obtain legal representation. (Docket No. 39). Plaintiff notified the Court that he was not able to "review emails and court orders" until around March 20, 2025, due to his hospitalization. (Docket No. 40 at 2). Knowing the limitations that these health issues had on his ability to litigate the present case, Plaintiff nonetheless decided to continue to represent himself. (Id.). The Court considered Plaintiff's medical situation when granting his third extension of time, with the expectation that Plaintiff would be able to provide sufficient facts for the Court to lawfully exercise jurisdiction over his claims. *See* (Docket No. 41). Unfortunately, Plaintiff again has failed to do so.

"If, after opportunity to correct deficiencies in the allegations, a plaintiff's 'complaints are so hopelessly general

Civil No. 24-1094 (GMM)
Page – 18 –

that they could give no notice of. . .[the] claims' then the
complaint is properly dismissed." Evicci, 190 F.Supp.2d at 237
(*quoting* Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

A review of Plaintiff's *Second Amended Complaint* and his
proposed amendment reflects that his complaint is devoid of any
factual allegations as to the nature or extent of any physical or
emotional distress he may have suffered. Therefore, Plaintiff's
*Second Amended Complaint* again fails to present "facts that in
some way support the contention that there is more than $75,000 at
stake." Abdel-Aleem, 665 F.3d at 42.

B.    Motion to Amend

The Federal Rules of Civil Procedure Rule 15 states that leave
to amend should be "freely given when justice so requires." Fed.
R. Civ. Pro. 15(a). However, "leave to amend may properly be denied
for a variety of reasons including 'undue delay, bad faith or
dilatory motive on the part of the movant, repeated failure to
cure deficiencies by amendments previously allowed, undue
prejudice to the opposing party by virtue of allowance of the
amendment, **futility of amendment**, etc. . .'" Glaros v. Perse, 628
F.2d 679, 687 (1st Cir. 1980) (emphasis added)(*quoting* Forman v.
Davis, 371 U.S. 178, 182 (1962)); *see also* Klunder v. Brown Univ.,
778 F.3d 24, 34 (1st Cir. 2015) ("In reviewing a district court's
decision on whether or not to grant an amendment, we routinely
focus our analysis on the prejudice to the nonmoving party.").

Civil No. 24-1094 (GMM)
Page – 19 –

Also, there is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim. *See* Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Defendant asserts that "any amended complaint would be futile and serve no purpose insofar as Plaintiff has consistently failed to show why this Court should exercise jurisdiction over this action." (Docket No. 50 at 5).

The Court agrees with Defendant. The Court already reminded Plaintiff that "although his *pro se* status 'militates in favor of a liberal reading' of his pleading, his 'pro se status does not excuse him from complying with procedural and substantive law.'" (Docket No. 35) (*quoting* Ahmed, 118 F.3d at 890); *see also* Bechtel Power Corp., 780 F.2d at 140 ("The right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'"). Unfortunately, Plaintiff has failed to comply with both procedural and substantive law.

At this stage and after all the opportunities given to the Plaintiff, to add another party would be futile because, as discussed at length *supra*, this Court lacks subject matter jurisdiction with or without the addition of Ralph Lauren Co. *See* Kris v. Behav. Health Servs., No. 24-40138, 2025 U.S. Dist. LEXIS 102964, at *14 (D. Mass. May 30, 2025).

Civil No. 24-1094 (GMM)
Page – 20 –

C.  <u>Plaintiff's Claims Are Dismissed without Prejudice</u>

"[D]ismissal is within the court's sound discretion and will be reversed only upon a showing of an abuse of that discretion." <u>Richman v. Gen. Motors Corp.</u>, 437 F.2d 196, 199 (1st Cir. 1971). "Courts have not infrequently denied leave to amend and dismissed an action with prejudice when a party 'repeated[ly] fail[s] to cure deficiencies by amendments previously allowed.'" <u>Potts v. Ritz-Carlton Hotel Co.</u>, No. 24-11214, 2025 WL 1224113, at *2 (D. Mass. Apr. 28, 2025) (alteration in original) (*quoting* <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); *see, e.g.,* <u>U.S. ex rel. Gagne v. City of Worcester</u>, 565 F.3d 40, 48 (1st Cir. 2009); <u>Kerr</u>, 757 F.Supp.3d at 147; <u>Trust Safe Pay, LLC v. Dynamic Diet, LLC</u>, No. 17-10166, 2018 WL 3614799 at *8 (D. Mass. July 27, 2018); <u>Suna v. Bailey Corp.</u>, No. 94-273, 1995 WL 806824, at *5 (D.N.H. Dec. 29, 1995), *aff'd* 107 F.3d 64, 66 (1st Cir. 1997).

Clearly, Plaintiff's *Second Amended Complaint* failed to address, or cure identified deficiencies in his first amended complaint. Considering the repeated failure to cure the deficiencies and the undue prejudice to the opposing party by virtue of allowance of future amendments, Plaintiff will not be permitted to amend further. However, considering Plaintiff's *pro se* status, the dismissal will be without prejudice.

Civil No. 24-1094 (GMM)
Page – 21 –

Consequently, Defendant's motion to dismiss is **GRANTED** and the Court hereby dismisses Plaintiff's *Second Amended Complaint* and this action in its entirety, without prejudice.

### IV. CONCLUSION

For the reasons stated herein the Court **GRANTS** the *Motion to Dismiss* at Docket No. 46 and **DENIES** the *Motion to Amend* at Docket No. 48. Judgment shall be entered accordingly.


IT IS SO ORDERED.

In San Juan, Puerto Rico, August 14, 2025.


                                        s/Gina R. Méndez-Miró
                                        GINA R. MÉNDEZ-MIRÓ
                                        UNITED STATES DISTRICT JUDGE